UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JIMMIE McNAIR,                       )
                                     )
            Petitioner,              )
                                     )
      v.                             )     Civil Action No. 17-1682 (TSC)
                                     )
WARDEN, D.C. JAIL, *et al.*,         )
                                     )
            Respondents.             )

**MEMORANDUM OPINION**

This matter is before the Court on petitioner Jimmie McNair's petition for a writ of habeas corpus (ECF No. 1) and the United States' Motion to Dismiss the Petitioner's Second *Pro Se* Petition for a Writ of Habeas Corpus (ECF No. 10.) For the reasons stated below, the Court DENIES the petition and GRANTS the United States' motion to dismiss.

I. BACKGROUND

On October 5, 2010, police arrested petitioner for the unlawful distribution of a controlled substance (cocaine). (*See* United States' Mot. to Dismiss the Pet'r's Second *Pro Se* Pet. for a Writ of Habeas Corpus (ECF No. 10 ("U.S. Mot."), Ex. 1 at 1.) On December 6, 2011, in the Superior Court of the District of Columbia, petitioner was sentenced to a 48-month term of imprisonment followed by a five-year term of supervised release. (*Id.*, Ex. 1 at 3.) Petitioner began his term of supervised release on May 12, 2014, and the term was to end on May 11, 2019. (*Id.*, Ex. 2 at 1; *see id.*, Ex. 5 at 1.)

1

The United States Parole Commission ("Commission") charged petitioner with seven violations of the terms of his supervised release.[1] (*See id*., Ex. 3 (Warrant Application) at 1-2.) It issued a warrant for petitioner's arrest on August 5, 2015. (*See id*., Ex. 3 (Warrant).) The warrant was executed on October 7, 2016, (*id*., Ex. 4,) days after Metropolitan Police Department officers arrested petitioner for distribution of and possession of a controlled substance, (*id*., Ex. 5.) The Commission charged petitioner with an additional violation to reflect this arrest. (*Id*., Ex. 6.)

Petitioner's probable cause hearing took place on October 14, 2016, (*id*., Ex. 7 at 1,) after which a hearing examiner found probable cause to believe that petitioner committed seven of the eight violations, (*see id*., Ex. 7 at 2-6.) Petitioner remained in custody pending a revocation hearing, which took place on November 30, 2016. (*Id*., Ex. 7 at 8; *see id*., Ex. 8 at 1.) Although petitioner had been represented by counsel at the probable cause hearing, (*see id*., Ex. 7 at 1,) he waived counsel for the revocation hearing, (*see id*., Ex. 8 at 1, 4.)

The hearing examiner found that petitioner had committed seven of the eight violations charged, (*see id*., Ex. 8 at 2-4,) and made no finding with respect to the law violation, (*id*., Ex. 8 at 4.) He recommended revocation of supervised release and a new 22-month term of incarceration, followed by a 38-month term of supervised release. (*See id*., Ex. 8 at 5.) The Commission concurred with the recommendation to revoke supervised release, and it ordered petitioner to serve a 26-month term of incarceration without additional supervision. (*Id*., Ex. 9 at 1.) The National Appeals Board affirmed the Commission's decision. (*Id*., Ex. 10 at 1.)

---

[1] According to the Commission, petitioner used dangerous and habit forming drugs (Charge No. 2), failed to submit to drug testing (Charge No. 3), failed to comply with graduated sanctions (global positioning systems, Charge No. 4), failed to report to his supervising officer (Charge No. 5), and violated a special condition of his release (drug aftercare, Charges Nos. 1, 6 and 7). (*See* U.S. Mot., Ex. 3 at 1-2.)

## II. DISCUSSION

"A supervised releasee who is retaken and held in custody in the District of Columbia on a warrant issued by the Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an examiner of the Commission no later than five days from the date of such retaking." 28 C.F.R. § 2.214(a). The Court construes the petition as one raising a due process claim arising from the Commission's failure to conduct a timely probable cause hearing. The timeliness of the probable cause hearing is the same issue petitioner presented in a prior habeas action in this Court. *See McNair v. U.S. Parole Comm'n*, 253 F. Supp. 3d 280 (D.D.C. 2017), *appeal dismissed*, No. 17-5153, 2017 U.S. App. LEXIS 24657, at *1 (D.C. Cir. Dec. 6, 2017). Here, as in the prior action, the petition for a writ of habeas corpus must be denied. Ordinarily, a petitioner could seek relief by requesting a writ of mandamus to compel the Commission's compliance with the applicable regulations. *See Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983). "Now that [p]etitioner has had both a probable cause hearing and a revocation hearing, he is not entitled to mandamus relief." *McNair*, 253 F. Supp. 3d at 282 (citing *Colts v. U.S. Parole Comm'n*, 531 F. Supp. 2d 8, 11 (D.D.C. 2008)).

## III. CONCLUSION

The petitioner has had a probable cause hearing and a supervision revocation hearing, and his claim is now moot. The petition for a writ of habeas corpus, therefore, is denied. An Order is issued separately.

DATE: April 16, 2018

/s/
TANYA S. CHUTKAN
United States District Judge